1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN ALLEN,<br><br>        Plaintiff,<br><br>v.<br><br>S. RIMBACH, et.al.,<br><br>        Defendants. | Case No.: 1:18-cv-01653-SAB (PC)<br><br>ORDER GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT OR NOTIFY OF INTENT TO PROCEED ONLY ON ADA CLAIM FOR INJUNCTIVE RELIEF AGAINST DEFENDANT PFEIFFER<br><br>[ECF No. 1] |

Plaintiff Kevin Allen is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's complaint, filed December 3, 2018.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

///

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

On January 19, 2017, with assistance, Plaintiff filed a CDCR 1824 requesting placement in a school ABE-1 because he is dyslexic. On February 8, 2017, Plaintiff received a response from S. Rimbach, S. Lopez, S. Hoffman and J. Hanzak which stated that per education staff there was no indication that Plaintiff was on the education list and there are no medical reports indicating that he is dyslexic.

On February 7, 2017, Plaintiff submitted a CDCR 22 Form to Hanzak (Americans with Disabilities Coordinator) explaining his documentation will support that he suffers from dyslexia. On this same date, Plaintiff wrote to the Warden at Kern Valley State Prison explaining his need to be transferred an ABE-1 school.

On May 11, 2017, Plaintiff filed an inmate appeal to the second level of review which again requested placement on Facility B-yard in ABE-1 school. Plaintiff was interviewed on May 31, 2017

by R. Clem, and Plaintiff produced ten documents demonstrating his low reading level and that he suffers from dyslexia.

On August 20, 2017, December 19, 2017, and December 25, 2017, Plaintiff wrote to Hernandez (Correctional Counselor II) requesting that he be moved to B0Yard to attend the ABE-1 school.

On February 2, 2018, Tyson (Correctional Counselor I), went to Plaintiff's cell and told him that he had an upcoming annual review and asked where he wanted to go. Plaintiff told her that he wished to go to B-yard to be placed in ABE-1 school, but she said no because her boss would not let her and to write it up.

Plaintiff seeks both injunctive relief and monetary damages.

## III.

## DISCUSSION

### A. Americans with Disabilities

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity." 42 U.S.C. § 12132. Title II applies to the services, programs, and activities provided for inmates by jails and prisons. Pennsylvania Dep't of Corr. v. Yeskey, 524 U.S. 206, 208-13 (1998); Simmons v. Navajo Cnty., 609 F.3d 1011, 1021-22 (9th Cir. 2010); Pierce v. Cnty. of Orange, 526 F.3d 1190, 1214-15 (9th Cir. 2008). "To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002); accord Simmons, 609 F.3d at 1021; McGary v. City of Portland, 386 F.3d 1259, 1265 (9th Cir. 2004). Determining whether a modification is reasonable (or even required) is necessarily a fact-specific inquiry, requiring analysis of the disabled individual's circumstances and the accommodations that might allow him to meet the program's standards." Castle v. Eurofresh, Inc., 731 F.3d 901, 910-11 (9th Cir. 2013) (citation and internal quotation marks omitted).

Assuming that dyslexia is a disability under the ADA, Plaintiff's allegation that he has been placement in an appropriate school setting is sufficient to support a claim for relief under the ADA at the pleading stage. However, Plaintiff may not pursue a claim for relief under the ADA against any prison official in his or her individual personal capacity. Vinson v. Thomas, 288 F.3d 1145, 1156 (9th Cir. 2002) ("a plaintiff cannot bring an action under 42 U.S.C. § 1983 against a State official in her individual capacity to vindicate rights created by Title II of the ADA …"). The ADA precludes discrimination by public entities and the proper defendant in an ADA suit is an appropriate state official in his or her official capacity. Accordingly, the only appropriate Defendant named in Plaintiff's complaint is Kern Valley State Prison Warden Pfeiffer, who can only proceed in his official capacity.[1]

Furthermore, Plaintiff can only proceed to recover monetary damages, if he can demonstrate "intentional discrimination on the part of the defendant." Duvall v. County of Kitsap, 260 F.3d 1124, 1135 (9th Cir. 2001). The deliberate indifference standard "requires both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood." Id. at 1139. Plaintiff has not demonstrated "deliberate indifference" by Warden Pfeiffer. Accordingly, Plaintiff has not set forth a cognizable claim under the ADA for monetary damages. If Plaintiff elects not to amend the complaint and wishes to proceed only on the ADA claim for injunctive relief against Defendant Warden Pfeiffer, the Court will presume an official capacity claim.

## IV.
## CONCLUSION AND ORDER

For the reasons discussed above, the Court finds that Plaintiff has stated a cognizable ADA claim for injunctive relief only against Defendant Warden Pfeiffer. The Court has also identified deficiencies in the complaint, as explained above.

The Court will grant Plaintiff an opportunity to cure the identified deficiencies which Plaintiff believes in good faith, are curable. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). If Plaintiff chooses to amend his complaint, he may not change the nature of this suit by adding new, unrelated

---

[1] Plaintiff's complaint is silent as to the capacities in which Defendants are sued.

4

claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only on the cognizable claim identified by the Court, he may file a notice informing the Court that he does not intend to amend and he is willing to proceed only on his cognizable ADA claim for injunctive relief. The Court will then recommend to a district judge that this case only proceed on the claim set forth above, for the reasons explained in this order.

If Plaintiff opts to amend, his amended complaint should be brief. Fed. R. Civ. P. 8(a). Plaintiff must identify how each individual defendant caused the deprivation of Plaintiff's constitutional or other federal rights: "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations admitted).

Plaintiff is also reminded that an amended complaint supersedes all prior complaints. Lacey, 693 F.3d at 927. Absent prior court approval, the amended pleading must be complete in itself without reference to any prior pleading. Local Rule 220. Finally, any amended complaint is limited to **25** pages in length. An amended complaint which exceeds this limit will be stricken.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file either:
   a. An amended complaint, limited to **25** pages in length, or
   b. A notice that he does not wish to file an amended complaint and wishes to proceed only on the ADA claim for injunctive relief against Defendant Warden Pfeiffer; and

///
///

3. <u>Plaintiff is warned that if he fails to comply with this order, the Court will recommend to the district judge that this action be dismissed for the failure to prosecute and the failure to comply with a court order</u>.

IT IS SO ORDERED.

Dated: __**December 20, 2018**__

_____
UNITED STATES MAGISTRATE JUDGE