1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**
9                     **EASTERN DISTRICT OF CALIFORNIA**
10

11  KEVIN ALLEN,                          ) Case No.: 1:18-cv-01653-SAB (PC)
                                          )
12              Plaintiff,                )
                                          ) SECOND SCREENING ORDER GRANTING
13      v.                                ) PLAINTIFF ONE FINAL OPPORTUNITY TO
                                          ) FILE A SECOND AMENDED COMPLAINT OR
14  S. RIMBACH, et.al.,                   ) NOTIFY THE COURT OF HIS INTENT TO
                                          ) PROCEED ON THE ADA CLAIM AGAINST
15              Defendants.               ) DEFENDANT PFEIFFER
                                          )
16                                        ) [ECF No. 11]
                                          )
17                                        )

18      Plaintiff Kevin Allen is proceeding pro se and in forma pauperis in this civil rights action

19  pursuant to 42 U.S.C. § 1983.

20      Currently before the Court is Plaintiff's first amended complaint, filed January 7, 2019.

21                                        **I.**

22                              **SCREENING REQUIREMENT**

23      The Court is required to screen complaints brought by prisoners seeking relief against a

24  governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court

25  must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous

26  or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary

27  relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

28  ///

                                          1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

The Court accepts Plaintiff's allegations in the complaint and first amended complaint as true *only* for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

On January 19, 2017, Plaintiff received assistance in filing out a CDCR 1824 reasonable accommodation form based on his dyslexia and request for Adult Basic Education (ABE-1) level class. Plaintiff received a response on February 8, 2017, which informed Plaintiff that there was no indication for him to be on the Learning Disability (LD) list and medical staff did not find any indication of dyslexia.

On February 7, 2017, Plaintiff received assistance in writing to the Warden explaining his need for ABE-1 level class because of his dyslexia.

On May 16, 2017, Plaintiff received assistance in filing an inmate grievance at the second level of review and request to be placed on ABE-1 and rehoused on Facility B yard. Plaintiff was

interviewed on May 31, 2017, by R. Clem and Plaintiff showed him ten documents reflecting a reading score of 0.0 and a copy of his trial transcripts which document that he suffers from dyslexia.

On February 2, 2018, Counselor D. Tyson informed Plaintiff that he could not be placed in ABE-1 level class because his supervisor (Hernandez) would not allow it.

Plaintiff has expressed his desire to further his education which was also recommended for early release on parole.

Plaintiff seeks injunctive and monetary relief.

## III.

## DISCUSSION

### A. Americans with Disabilities Act (ADA)

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity." 42 U.S.C. § 12132. Title II applies to the services, programs, and activities provided for inmates by jails and prisons. Pennsylvania Dep't of Corr. v. Yeskey, 524 U.S. 206, 208-13 (1998); Simmons v. Navajo Cnty., 609 F.3d 1011, 1021-22 (9th Cir. 2010); Pierce v. Cnty. of Orange, 526 F.3d 1190, 1214-15 (9th Cir. 2008). "To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002); accord Simmons, 609 F.3d at 1021; McGary v. City of Portland, 386 F.3d 1259, 1265 (9th Cir. 2004). Determining whether a modification is reasonable (or even required) is necessarily a fact-specific inquiry, requiring analysis of the disabled individual's circumstances and the accommodations that might allow him to meet the program's standards." Castle v. Eurofresh, Inc., 731 F.3d 901, 910-11 (9th Cir. 2013) (citation and internal quotation marks omitted).

///
///
///

Furthermore, Plaintiff can only proceed to recover monetary damages, if he can demonstrate "intentional discrimination on the part of the defendant." Duvall v. County of Kitsap, 260 F.3d 1124, 1135 (9th Cir. 2001). The deliberate indifference standard "requires both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood." Id. at 1139.

Assuming that dyslexia is a disability under the ADA, Plaintiff's allegation that he has been intentionally denied placement in an appropriate school setting to address his disability (while others have access to appropriate education programming) is sufficient to support a claim for relief under the ADA for monetary and injunctive damages against Defendant Warden Pfeiffer only.[1]

### B. Intentional Infliction of Emotional Distress

Under California law, the elements of intentional infliction of emotional distress are: (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct. Corales v. Bennett, 567 F.3d 554, 571 (9th Cir. 2009) (quotation marks omitted); Tekkle v. United States, 567 F.3d 554, 855 (9th Cir. 2007); Simo v. Union of Needletrades, Industrial & Textile Employees, 322 F.3d 602, 621-22 (9th Cir. 2003). Conduct is outrageous if it is so extreme as to exceed all bounds of that usually tolerated in a civilized community. Corales, 567 F.3d at 571; Tekkle, 511 F.3d at 855; Simo, 322 F.3d at 622. In addition to the requirement that the conduct be intentional and outrageous, the conduct must have been directed at Plaintiff or occur in the presence of Plaintiff, of whom Defendant was aware. Simo, 322 F.3d at 622.

Plaintiff has failed to state a cognizable claim under California law for intentional infliction of emotional distress. The conduct as alleged simply is not so outrageous as to exceed all bounds tolerated in a civilized community. Although it appears unlikely that Plaintiff will be able to state a cognizable claim for intentional infliction of emotional distress, the Court will grant Plaintiff one

---

[1] The other individual Defendants are the chief medical executive, ADA coordinator, principal, and two counselors. Given that the ADA claim precludes discrimination by public entities and Plaintiff's claim involves decisions made at the institutional level, the institution's warden is the most appropriate official for purposes of this suit.

opportunity to amend as to this claim. However, no further amendments will be allowed. Accordingly, Plaintiff fails to state a cognizable claim for intentional infliction of emotional distress.

## IV.

## CONCLUSION AND ORDER

For the reasons discussed above, the Court finds that Plaintiff has stated a cognizable ADA claim for monetary damages and injunctive relief against Defendant Warden Pfeiffer only. The Court has also identified deficiencies in the complaint, as explained above.

The Court will grant Plaintiff *one* final opportunity to cure the identified deficiencies which Plaintiff believes in good faith, are curable. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). If Plaintiff chooses to amend his complaint, he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only on the cognizable claim identified by the Court, he may file a notice informing the Court that he does not intend to amend and he is willing to proceed only on his cognizable ADA claim against Defendant Warden Pfeiffer. The Court will then recommend to a district judge that this case only proceed on the claim set forth above, for the reasons explained in this order.

If Plaintiff opts to amend, his amended complaint should be brief. Fed. R. Civ. P. 8(a). Plaintiff must identify how each individual defendant caused the deprivation of Plaintiff's constitutional or other federal rights: "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations admitted).

Plaintiff is also reminded that an amended complaint supersedes all prior complaints. Lacey, 693 F.3d at 927. Absent prior court approval, the amended pleading must be complete in itself without reference to any prior pleading. Local Rule 220. Finally, any amended complaint is limited to **25** pages in length. An amended complaint which exceeds this limit will be stricken.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file either:
    a. An amended complaint, limited to **25** pages in length, or
    b. A notice that he does not wish to file an amended complaint and wishes to proceed only on the ADA claim against Defendant Warden Pfeiffer; and
3. <u>Plaintiff is warned that if he fails to comply with this order, the Court will recommend to the district judge that this action be dismissed for the failure to prosecute and the failure to comply with a court order</u>.

IT IS SO ORDERED.

Dated: __**January 16, 2019**__

UNITED STATES MAGISTRATE JUDGE