# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN ALLEN,<br><br>        Plaintiff,<br><br>    v.<br><br>S. RIMBACH, et.al.,<br><br>        Defendants. | Case No.: 1:18-cv-01653-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS, AND DENYING MOTION FOR APPOINTMENT OF COUNSEL, WITHOUT PREJUDICE<br><br>[ECF Nos. 12, 13] |

       Plaintiff Kevin Allen is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

       On January 16, 2019, the undersigned screened Plaintiff's first amended complaint and found that Plaintiff stated a cognizable ADA claim against Defendant Pfeiffer. (ECF No. 13.) However, Plaintiff did not state any other cognizable claims for relief. (Id.) The Court granted Plaintiff leave to amend the complaint or notify the Court in writing of his intent to proceed only the ADA claim. (Id.) On January 28, 2019, Plaintiff notified the Court of his intent to proceed only on the ADA claim against Defendant Pfeiffer. (ECF No. 13.) As a result, the Court will recommend that this action only proceed on the ADA claim against Defendant Pfeiffer, and all other claims and Defendants be

1

dismissed for the reasons stated in the Court's January 16, 2019, screening order. Fed. R. Civ. P. 8(a); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).

With regard to Plaintiff's second request for appointment of counsel, it must be denied. As Plaintiff is aware, he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1), Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525. Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

The Court does not find the required exceptional circumstances. Even if it assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not alone establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. The record in this case demonstrates that Plaintiff is able to articulate his claim and litigate this action. Accordingly, Plaintiff's second motion for the appointment of counsel should be denied, without prejudice.

Accordingly, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's ADA claim against Defendant Pfeiffer;
2. All other claims and Defendants be dismissed for failure to state a claim upon which relief could be granted, consistent with the reasoning set forth Court's January 16, 2019, order;
3. The Clerk of Court is directed to randomly assign a District Judge to this action; and
4. Plaintiff's motion for appointment of counsel should be denied, without prejudice.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provision of 28 U.S.C. §636 (b)(1)(B). Within **fourteen (14) days** after being served with these Finding and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.2d F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **January 29, 2019**

UNITED STATES MAGISTRATE JUDGE