1
2
3
4
5
6
7

## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

10

11 | KEVIN ALLEN,                                    ) Case No.: 1:18-cv-01653-LJO-SAB (PC)
                                                    )
12 |          Plaintiff,                            )
                                                    ) ORDER DENYING PLAINTIFF'S SECOND
13 |     v.                                         ) MOTION FOR APPOINTMENT OF COUNSEL,
                                                    ) WITHOUT PREJUDICE
14 | S. RIMBACH, et.al.,                            )
                                                    ) [ECF No. 26]
15 |          Defendants.                           )
                                                    )
16                                                  )
                                                    )
17 |_____    )

18          Plaintiff Kevin Allen is proceeding pro se and in forma pauperis in this civil rights action

19   pursuant to 42 U.S.C. § 1983.

20          Currently before the Court is Plaintiff's second motion for appointment of counsel, filed May

21   20, 2019.

22          Plaintiff does not have a constitutional right to appointed counsel in this action, <u>Rand v.

23   Rowland</u>, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent

24   plaintiff pursuant to 28 U.S.C. § 1915(e)(1), <u>Mallard v. United States District Court for the Southern

25   District of Iowa</u>, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the Court

26   may request the voluntary assistance of counsel pursuant to section 1915(e)(1). <u>Rand</u>, 113 F.3d at 1525.

27   Without a reasonable method of securing and compensating counsel, the court will seek volunteer

28   counsel only in the most serious and exceptional cases.  In determining whether "exceptional

circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

As with Plaintiff's prior motion for appointment of counsel, he contends he is dyslexic, illiterate and requires the assistance of another inmate to draft his documents. However, the Court does not find the required exceptional circumstances. Even if it assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not alone establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. The legal issues present in this action are not complex. Further, Defendant has not yet filed an answer, and at this early stage of the proceedings, the Court cannot find that Plaintiff is likely to succeed on the merits. Further, there is no indication from the record that Plaintiff has been unable to adequately articular claims and prosecute this action—whether alone or with inmate assistance. Accordingly, Plaintiff's second motion for the appointment of counsel is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated:    **May 22, 2019**

_____
UNITED STATES MAGISTRATE JUDGE