UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN ALLEN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>S. RIMBACH, et.al.,<br><br>　　　　　Defendants. | Case No.: 1:18-cv-01653-NONE-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S SECOND MOTION FOR RECONSIDERATION OF COURT'S PRIOR ORDERS DENYING APPOINTMENT OF COUNSEL<br><br>(ECF No. 40) |

Plaintiff Kevin Allen is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's second motion for reconsideration of the Court's prior orders denying his requests for appointment of counsel, filed April 1, 2020. (ECF No. 40.)

**I.**

**DISCUSSION**

Reconsideration motions are committed to the discretion of the trial court. Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc); Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987). A party seeking reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse a prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other grounds,

1

828 F.2d 514 (9th Cir. 1987). Further, " '[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation…'" of that which was already considered by the court in rendering its decision. U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001) (quoting Bermingham v. Sony Corp. of Am., Inc., 820 F.Supp. 834, 856 (D N.J. 1992)). Similarly, Local Rule 230(j) requires that a party seeking reconsideration show that "new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion[.]"

As Plaintiff was previously advised, he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In denying Plaintiff's second motion for appointment of counsel, the Court stated the following:

> As with Plaintiff's prior motion for appointment of counsel, he contends he is dyslexic, illiterate and requires the assistance of another inmate to draft his documents. However, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. Circumstances common to most prisoners, such as a lack of education or limited law library access, do not alone establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. The legal issues present in this action are not complex. Further, Defendant has not yet filed an answer, and at this early stage of the proceedings, the Court cannot find that Plaintiff is likely to succeed on the merits. Further, there is no indication from the record that Plaintiff has been unable to adequately articulate claims and prosecute this action—whether alone or with inmate assistance.

(Order at 2:4-14, ECF No. 27.) Plaintiff fails to present facts or law to warrant reconsideration of the prior denial of appointment of counsel in this case as Plaintiff simply repeats most of the same arguments. Plaintiff simply presents the same arguments and circumstances that were previously considered by the Court. See United States v. Rezzonico, 32 F.Supp.2d 1112, 1116 (D. Ariz. 1998) ("A motion for reconsideration should not be used to ask the court 'to rethink what the court had already thought through—rightly or wrongly.' ... However, if the court has made an apparent error of law and the party moving for reconsideration brings that error to the court's attention within a reasonable period of time, the district court has the power under Rule 60(b)(1) to grant relief from that error."). While the Court is sympathetic to Plaintiff's condition and circumstances, the test is not whether Plaintiff would benefit from the appointment of counsel. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) ("Most actions require development of further facts during litigation and a pro se litigant will seldom be in a position to investigate easily the facts necessary to support the case.") The test is whether exception circumstances exist and here, they do not. Accordingly, Plaintiff's second motion for reconsideration shall be denied.

## II.

## ORDER

Based on the foregoing, Plaintiff's second motion for reconsideration of the Court's prior orders denying his requests for appointment of counsel is DENIED.

IT IS SO ORDERED.

Dated: **April 2, 2020**

UNITED STATES MAGISTRATE JUDGE