UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN ALLEN,<br><br>        Plaintiff,<br><br>    v.<br><br>S. RIMBACH, et al.,<br><br>        Defendants. | No. 1:18-cv-01653-NONE-SAB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(Doc. Nos. 44, 51) |

Plaintiff Kevin Allen is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. On September 16, 2020, the assigned magistrate judge issued findings and recommendations recommending that defendant's motion for summary judgment be granted. (Doc. No. 51.) The findings and recommendations were served on the parties and contained notice that objections were due within thirty (30) days. (*Id.* at 8.) Plaintiff filed objections on October 19, 2020. (Doc. No. 52.)

Plaintiff objects to the magistrate judge's finding that plaintiff failed to demonstrate that he has a "qualified learning disability" under the Americans with Disabilities Act ("ADA"). (*See* Doc. No. 51 at 6–7; Doc. No. 52 at 2–3.) Plaintiff contends that the California Department of Corrections and Rehabilitation ("CDCR") "does not specifically test for learning disabilities," but "assumes that you have a learning disability if you get below a certain score on your [Test of

1

Adult Basic Education ("TABE")] test '4.0 or below' or if you tell them you have a learning disability." (Doc. No. 52 at 3.) CDCR is not required to test for learning disabilities. (*See* Doc. No. 44-4 ¶ 5.) However, as pointed out in the pending findings and recommendations, "CDCR requires verification of learning disabilities through: a diagnosis made by a licensed psychologist, a school based Individualized Education Plan Team ('IEPT'), or a Probation Officer's report that references public or private school records with an IEP." (Doc. No. 51 at 6.) Plaintiff's reading level may be relatively low but ultimately, he has not provided CDCR with any verification of a qualified learning disability under the ADA and has even admitted that he has never been diagnosed as suffering with any learning disability. (*See id.* at 6–7.)

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including plaintiff's objections, the court finds the findings and recommendations to be supported by the record and proper analysis.

Accordingly:

1. The findings and recommendations issued on September 16, 2020 (Doc. No. 51), are adopted in full;
2. Defendant Pfeiffer's motion for summary judgment (Doc. No. 44) is granted;
3. Judgment shall be entered in favor of Defendant Pfeiffer; and
4. The Clerk of Court is directed to close the case.

IT IS SO ORDERED.

Dated: **January 21, 2021**

UNITED STATES DISTRICT JUDGE

2